**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-25092-BLOOM**

BAYRON ENRIQUE MASH GARCIA,

      Petitioner,

v.

U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT,

      Respondent.

_____/

**ORDER TO SHOW CAUSE**

**THIS CAUSE** is before the Court upon *pro se* Petitioner Bayron Enrique Mash Garcia's ("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"). ECF No. [1]. Petitioner challenges his immigration detention at the Krome Service Processing Center in Miami, Florida. *Id*. ¶¶ 2, 5. Specifically, Petitioner argues he is being detained beyond the removal period authorized by 8 U.S.C. § 1231(a)(6). *Id*. ¶ 13. Petitioner seeks immediate release from custody. *Id*. ¶ 15.

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id*. The Court cannot say from the face of the application that Petitioner is not entitled to relief.

Case No. 26-cv-25092-BLOOM

Petitioner has a pending § 2241 habeas petition challenging his immigration detention pending removal proceedings. *See Bayron Enrique Mash Garcia v. Warden, Krome SPC*, No. 26-cv-20945-KMM (S.D. Fla. Feb. 12, 2026); *Miranda Medina v. Field Office Director, et al.*, No. 26-cv-20791 (S.D. Fla. Feb. 5, 2026). In the instant Petition, Petitioner states that a removal order was entered on June 15, 2026, and that he filed an appeal with the Board of Immigration Appeals ("BIA") on July 1, 2026, which remains pending. ECF No. [1] ¶ 11. Petitioner seeks relief pursuant to 8 U.S.C. § 1231(a)(6). *Id.* ¶ 13.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. **On or before August 3, 2026**, Respondent shall file a return on the Order to Show Cause why the Petition for Writ of Habeas Corpus should not be granted. Respondent shall specifically address: (1) whether an immigration judge issued an order of removal and whether Petitioner filed an appeal of that order with the BIA; (2) the statutory basis for Petitioner's detention if the removal order is not yet final due to the pending appeal before the BIA; and (3) if Petitioner is now detained pursuant to 8 U.S.C. § 1231, whether the instant Petition challenging his post-removal-order detention is duplicative of Petitioner's pending § 2241 habeas petition challenging his detention pending removal proceedings.

2. **On or before August 7, 2026**, Petitioner may, but is not required to, file a Reply.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 28, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

2

Case No. 26-cv-25092-BLOOM

Copies to:

Counsel of Record

Bayron Enrique Mash Garcia, *Pro Se*
A# 205583977
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194